## TERENCE FOLEY, RELATOR-APPELLANT, v. JULIUS NELSON, RESPONDENT.

Submitted March 22, 1915—Decided June 14, 1915.

1. An exempt fireman, who has no exemption certificate at the time the action is, taken adverse to him, is not protected by chapter 212 of the laws of 1911.
2. A claim to the protection of chapter 212 of the laws of 1911 is not available in a proceeding by *quo warranto* against one who does not hold or claim the relator's office.

---

On appeal from the Supreme Court.

For the relator-appellant, *William S. Stuhr*.

For the respondent, *Horace L. Allen*.

The opinion of the court was delivered by .

SWAYZE, J. Judgment in the Supreme Court was given for the respondent, for the reasons stated in the opinion in the similar case of *Gutheil* v. *Nelson,* 86 *N. J. L.* 1, which we have just approved (*post p.* 689). The only point in the present case calling for notice is the claim of the appellant that the action of the police commissioners on February 15th, 1912, is illegal in this case because he was an exempt fireman and protected by chapter 212 of the laws of 1911. It appears that his exemption certificate was not issued until November 13th, 1912, that is after the action taken by the police commissioners. He fails, therefore, to bring himself within the language of the act which is limited to firemen holding an exemption certificate. The action of the police commissioners in February cannot be avoided because of something that did not happen until the following November.

Aside from that, his right, if he had any, would not be available to him in this proceeding. This is a *quo warranto,* the object of which is to oust Nelson. The respondent has no interest in the question whether the police commissioners had the right to abolish Foley's office. If the appellant were right in his contention, Nelson's title to office would not be affected. The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, BERGEN, MINTURN, BLACK, VREDENBURGH, WHITE, TERHUNE, JJ. 9.

*For reversal*—None.